Reed Larsen, ISB 3427, US Court of Appeals, 9th Circuit
COOPER & LARSEN, CHARTERED
151 N. 3rd Ave., Suite 210-Second Floor
PO Box 4229
Pocatello, ID 83205-4229
Phone: (208) 235-1145
Fax: (208) 235-1182

Ben Coltrin, Arizona State Bar #030207, Utah Bar #015361 (*inactive*)
Admitted via Pro Hac Vice
COLTRIN LAW, PLLC
PO Box 30129
Mesa, AZ 85275
Phone: (520) 450-6089
ben@coltrinlaw.com

Attorneys for Plaintiff Affinity Partnerships, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **AFFINITY PARTNERSHIPS**, an Idaho Limited Liability Company incorporated in Wyoming<br><br>Plaintiff<br><br>v.<br><br>**USREALTY.COM, LLC**, a New York Limited Liability Company &<br><br>**USREALTY.COM, LLP**, a Pennsylvania Limited Liability Partnership<br><br>Defendants. | Case No._____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

COMES NOW, Affinity Partnerships, LLC, hereinafter referred to as "Affinity" by and through their counsel of record, Reed Larsen of Cooper & Larsen, Chartered and co-counsel

**COMPLAINT**

admitted to this court for this case only via Pro Hac Vice Representation Ben Coltrin of Coltrin Law, PLLC, of Arizona, and for a cause of action against USRealty.com, LLC, a New York Limited Liability Company and USRealty.com, LLP, a Pennsylvania Limited Liability Partnership.

## PARTIES

1. At all times referenced, Plaintiff Affinity has had its principal place of business in Pocatello, Idaho. Affinity currently maintains its principal place of business in Pocatello, Idaho.

2. At all times relevant to this litigation, Defendant USrealty.com, LLC, has maintained its principal place of business in New York, New York. Defendant USrealty.com, LLC currently maintains its principal place of business in New York, New York.

3. At all times relevant to this litigation, Defendant USrealty.com, LLP, has maintained its principal place of business in Pennsylvania. Defendant USrealty.com, LLP, has maintained its principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

5. Venue is proper in the United States District Court for the District of Idaho, because a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2) Defendants initiated contact with Plaintiff at Plaintiff's place of business within the forum.

## FACTS

6. Both USrealty.com, LLP & USrealty.com, LLC contact Affinity through their place of business in Pocatello, Idaho for the proposed sale of their website.

**COMPLAINT**

7. Affinity reasonably relied on the business negotiations and invested $150,000 on pursuing the website.

8. A third party entity unbeknownst to Affinity opened negotiations with USrealty.com, LLC & USrealty.com, LLP.

9. The USrealty.com, LLC officers had the power to bind USrealty.com, LLP through their managerial decisions.

10. The deal that USrealty.com, LLC granted featured exclusivity as to prospective negotiations with USrealty.com, LLC, USrealty.com, LLP, and the third party entity.

11. These prospective negotiations effectively cut out Affinity from any business recourse.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

12. Affinity incorporates by reference each of the facts alleged above.

13. Affinity made a verbal agreement with both USrealty.com, LLC and USrealty.com, LLP. Due to the agreement, Affinity ran employee benefit analysis and salary analysis. Further, AP spent time and resources traveling to Pennsylvania to meet with USrealty.com, LLP employees at the request of USrealty.com, LLC.

14. Affinity granted valuable consideration putting time and resources where they could have spent them elsewhere. As a result, both USrealty.com, LLC and USrealty.com, LLP gained a benefit of the bargain that they would not have had otherwise. AP's investment in prospective negotiations enabled both USrealty.com, LLP and USrealty.com, LLC to have an additional interested party and additional bargaining power with outside entities.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

15. Affinity incorporates by reference each of the facts alleged above.

**COMPLAINT**

16. In the case that the verbal agreement between the parties is found to be unenforceable, Affinity should be granted at the very least quasi-contractual relief due to the unjust enrichment of both USrealty.com, LLC and USrealty.com, LLP.

17. Both USrealty.com, LLC and USrealty.com, LLP may not have gained any kind of a monetary gain from the prospective negotiations with Affinity. However, due to the presence of Affinity engaging in negotiations with both entities, they both gained leverage on any other prospective bidder.

18. Thus, both USrealty.com, LLC and USrealty.com, LLP were both unjustly enriched by their excluding Affinity from negotiations.

### THIRD CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

19. Affinity incorporates by reference each of the facts alleged above.

20. Affinity relied on USrealty.com, LLC's representation where they had a pecuniary interest in deciding to pursue these negotiations.

21. False or misleading information was provided to Affinity in the commencement of this business relationship by the Defendants.

22. The Defendant USrealty.com, LLC failed to exercise reasonable care or competence in obtaining or communicating the correct information. Here, omitting information would fulfill the element of misrepresentation.

23. Due to USrealty.com, LLC's omission or more accurately misrepresentation, Affinity justifiably relied on the misrepresentations and invested valuable time and resources on the relationship.

24. Affinity was therefore injured and therefore entitled to relief and damages.

**COMPLAINT**

## DAMAGES

25. Affinity seeks equitable relief or an injunction against both USrealty.com, LLC and USrealty.com, LLP.

26. Affinity is not opposed to compensatory or reliance damages in this situation. However, monetary relief is not Affinity's choice of remedy.

27. Affinity is unaware if negotiations between both USrealty.com, LLP & USrealty.com, LLC have finished.

28. If said negotiations have finished, Affinity would seek a Declaratory Judgment and a Lien on whoever has possessed rights to both entities.

29. If the negotiations have not terminated, Affinity seeks an Injunction or a Temporary Restraining Order so they can properly be granted the opportunity to purchase both entities.

## JURY DEMAND

30. Affinity demands a trial by jury on all issues so triable.

## RESERVATION OF RIGHT TO AMEND

31. Since Affinity is unaware of the current status of both USrealty.com, LLC and USrealty.com, LLP, Affinity must be given the chance to amend its Complaint to enable them to properly seek relief.

## PRAYER FOR RELIEF

32. Based on the foregoing, Affinity requests that this Court issue citation for Defendants USrealty.com, LLC and USrealty.com, LLP to appear and answer and that Affinity be awarded Judgment against both entities for Declaratory Relief and an Injunction, plus recovery of its attorney fees, and costs of court. Affinity further requests all additional and/or alternative relief such as compensatory damages that it may be entitled to.

**COMPLAINT**

DATED: November 9, 2018.

                                            COOPER & LARSEN, CHARTERED

                                            By /s/ Reed W. Larsen

                                               REED W. LARSEN

**COMPLAINT**